## RYDER v. WOOD.

*(Supreme Court, General Term, First Department.　January 10, 1890.)*

INFANCY—SALE OF LAND—PETITION.
　Where the facts necessary to give jurisdiction for sale of an infant's land under Code Civil Proc. N. Y. §§ 2348, 2350, are proved, the infelicitous presentation of them in the petition is not sufficient to affect the validity of the proceedings.

Case submitted on agreed statement.
Action by Mary Ryder against Fernando Wood for specific performance of contract for purchase of land.
Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.
*Matthew Daly*, for plaintiff.　*John J. Brady*, for defendant.

BRADY, J. In this case the plaintiff demanded judgment for specific performance by the defendant of a contract for the purchase of real estate, but objects to the title offered. The question presented relates to the validity of the proceedings by which the special guardian was authorized to execute a deed of the shares of infants. Section 2348 of the Code declares that real property or a term estate or other interest in real estate, belonging to an in-

fant, may be sold and conveyed as prescribed in its subdivisions—*First,* where the personal property and the income of the real property of the infant are insufficient to pay his debts, or for his maintenance and education; and, *second,* where the interest of the infant will be substantially promoted by such disposition, on account of the property being exposed to waste or dilapidation, or being wholly unproductive, or for other peculiar reasons, or on account of other peculiar circumstances. And section 2350 provides that when such an application is made the petition must set forth the grounds of the application, and state the particulars and value of the real estate and personal property, and the amount of the income of the infant, the disposition which has been made of his personal property, and an account of the debts or demands, if any, existing against the estate. It is insisted on the part of the plaintiff that these requirements were not complied with, and the special guardian acquired no authority to make the sale. The petition is not before us, but from the statement of facts agreed upon it appears that the infants owned no personal estate, and had no means of support, and that all their real estate is unproductive. The report of the referee, among other things, states that the infants were dependent upon the labor of their mother in the keeping of a small grocery for their support and education, having no other real or personal property than that stated in the petition, to which attention has been called. Inferentially it is sufficiently affirmed that they had no personal estate to dispose of, and in the same mode that no debts or demands existed against them except those which are detailed, namely, mortgages and taxes. It is true that the amount of these items does not appear in the petition, but it does appear in the report of the referee. It may be said of the petition that it is inartistically drawn, and perhaps the referee's report may be subjected to the same criticism; but if all the facts necessary to confer jurisdiction appear, and especially those which are material, the infelicitous presentation of them is a matter of very little consequence, courts looking to the substance and not to the form. The learned counsel for the plaintiff, without intending to be unjust, is hypercritical; admits that the petition sets out that the petitioners have no personal estate and no means of support; and yet argues that this, fairly construed, is "a statement that they have no means of support from their real or personal property." It is not a compliance with the statute. It does not, in terms or by necessary implication, include a statement that they have no income, for such income may not depend upon the real or personal property of the infants themselves. It may be derived from a fund provided for the purpose, in the principal of which they have no ownership, from allowances made by relatives or friends, or from a thousand other sources. It may be that their income is pledged, so that they cannot derive the benefit of it. If, in fact, they had no income, such fact should have been stated, and the statute complied with. If this be not begging the question it is only a contention that the words of the statute must be used, although it appears that the substance required is stated. If it appear that they have no income, and no personal estate, it is a sufficient compliance with the statute, whatever the form may be in which those facts are demonstrated. It is true, the section requires that an account of the debts or demands, if any, existing against the estate, should be set out. But the allegation in the petition in that respect, that there are certain mortgages unpaid, and interest due and taxes unpaid, and the proofs in regard to them contained in the referee's report, present a sufficient compliance with the statute on that subject. The objection to the jurisdiction of the court must therefore be overruled. It may be said, further, that the statement in the referee's report, that the interests of the infants will be best subserved by a sale, is wholly justified by the facts developed; and the provision that none of the moneys that may remain in surplus after the sale shall be paid to the infants until they attain the age of 21 years shows a careful consideration of the whole subject, and therefore entitles his report to the fullest confidence.

It cannot be doubted that a sale of some portion of the estate was necessary to remove incumbrances which threatened a sacrifice of the infant's property, which these proceedings were inaugurated to prevent. The objection that the bond given by the special guardian was directed to be filed in the office of the county clerk is of no moment, inasmuch as the bond was filed in the proper place, according to section 2352 of the Code. For these reasons the defendant's title is good, and he is entitled to judgment, with costs. All concur.